IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| DWIGHT ANTHONY REED, ) <br> Reg #14514-035 ) <br>    Petitioner, ) <br> ) <br> v. ) <br> ) <br> JOHN B. FOX, Warden, ) <br> FCI – Forrest City ) <br>    Respondent. | **Case No. 2:12-CV-00217 KGB-JTK** |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any

> documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Dwight Anthony Reed for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). Respondent has filed a response contending that the Petition should be dismissed. (Doc. No. 9).

## Background

Petitioner is currently serving a 48-month sentence at the Federal Correctional Institution in Forrest City, Arkansas (FCI-Forrest City). He received this sentence in the Western District of Louisiana on August 31, 2010. In November 2010, Webster Parrish, Louisiana placed a detainer against Petitioner based on a May 5, 2009 arrest warrant for issuing worthless checks. It does not appear Petitioner has faced trial on this charge, and he contends the pending detainer has prevented him from being eligible for home confinement or finishing his sentence in a halfway house and that it has increased his custody level. He asks the Court to order the State to bring him to trial within sixty days or dismiss his case.

**Discussion**

Petitioner essentially asks the Court to litigate his speedy trial claim and grant him the severe remedy of outright dismissal on the state charges. "[A]bsent extraordinary circumstances, federal habeas corpus should not be used to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 505 (1973).

It appears that the Court lacks jurisdiction under § 2241 to consider Petitioner's attacks on the validity of the detainer.[1] "[Section] 2254 is the proper jurisdictional basis for a challenge to the validity of a detainer." *Esposito v. Mintz*, 726 F.2d 371, 373 (7th Cir. 1984) (citing *Goodwin v. Hammock*, 502 F. Supp. 756 (S.D.N.Y. 1981).

Although the Court can hear challenges concerning certain effects of state detainers, it cannot hear Petitioner's claims because he has failed to exhaust his state remedies. *Braden*, 410 U.S. 484; *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974). Petitioner filed three motions in the trial court, but did not pursue the issue any further at the state level. Despite acknowledging that Petitioner could not appear because of his incarceration, the trial court puzzlingly set a hearing for each of his motions. Other than recognizing that the Sixth Amendment's guarantee of a speedy trial had attached to Petitioner, it does not appear the trial court ruled on his motions. Petitioner also alleges that the district attorney's office informed him that his motions would not be adjudicated until the completion of his federal sentence.

---

[1] Although the Rules Governing § 2254 Cases do not mention § 2241, at least one court has indicated that Petitioner should also have named Louisiana's Attorney General as a respondent in order to seek such relief. *Seay v. O'Brien*, 7:09CV00361, 2010 WL 889790, at *5 (W.D. Va. Mar. 9, 2010) *aff'd*, 410 F. App'x 610 (4th Cir. 2011) (citing Rule 2(b) of the Rules Governing Habeas Cases); *see also Braden*, 410 U.S. 484 (similar action where petitioner named Kentucky court as respondent). The Court makes no statement regarding who should have been named, but the requested relief would seem to indicate that some Louisiana entity should have been named.

Petitioner contends that any appeal would be futile because the Arkansas Supreme Court dismissed his appeal in a nearly identical case.[2] As noted in the Court's order regarding the habeas petition arising from that case, the Louisiana Supreme Court's response clearly indicated that he must first seek relief from the trial court and then seek a writ from the appellate court. There is no indication that Petitioner has done so. "[F]ederal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987).

IT IS THEREFORE ORDERED that Petitioner's application for writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241 be, and it is hereby, dismissed, without prejudice. The relief prayed for is DENIED.

SO ORDERED this 30th day of April, 2013.

_____
United States Magistrate Judge

---

[2] Petitioner has also filed a nearly identical habeas petition concerning a detainer placed by Caddo Parrish, Louisiana. *Reed v. Fox*, No. 2:12CV00191 KGB-JTK (E.D. Ark.).